**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3142-17T3

ANIBAL MORALES, JR.,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and CERVINI'S, INC.,

     Respondents.

_____

Submitted January 30, 2019 – Decided April 2, 2019

Before Judges Koblitz and Currier.

On appeal from the Board of Review, Department of Labor, Docket No. 135,416.

Anibal Morales, Jr., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Jana R. DiCosmo, Deputy Attorney General, on the brief).

Respondent Cervini's, Inc., has not filed a brief.

PER CURIAM

Claimant Anibal Morales, Jr. appeals from the February 6, 2018 decision of the Board of Review (Board) finding him ineligible for unemployment benefits pursuant to N.J.S.A. 43:21-5(a). After a review of the contentions in light of the record and applicable principles of law, we affirm.

We derive the facts from the telephonic hearing before the Appeal Tribunal. Claimant was employed as a floater by defendant Cervini's, Inc., an auto body design retailer. On October 13, 2017, claimant stated he was called into the director of operation's office and informed that other employees had accused him of stealing body shop tools. In the course of the discussion, claimant stated he placed his keys on the director's desk and left, explaining his wife was ill, and he could not deal with the accusations. Claimant contacted the director two weeks later inquiring about the unemployment process. He advised he did not intend to return to work.

The director testified that he called two groups of employees into his office on October 13, to discuss the morale in the shop and the tension among the employees. Several employees accused claimant of trying to sabotage the operation, by purposely slowly it down, and stealing tools to use on body shop work done at his house. An employee also stated that claimant was "slandering

the company's name" and "slandering [the director] personally." The employee further accused claimant of "going up to employees, handing them business cards, and [saying], 'Here, call this number, you know, this job is . . . hiring if you don't want to work here.'"

When the director asked claimant about the accusations, he denied them. The director stated: "[Claimant] took his keys off his key ring, placed them down on my desk and simply stated, 'You know, I . . . have too much on my mind. I can't handle this. I got to go,' . . . and [claimant] walked out." The director advised he did not intend to fire claimant during that meeting.

Claimant submitted a claim for unemployment benefits. The Deputy Director of Unemployment Insurance (Deputy) determined that claimant had left work voluntarily, disqualifying him for benefits.

Following claimant's appeal of the determination, a telephonic hearing was conducted before the Appeal Tribunal. The appeals examiner noted:

> claimant resigned without affording the employer an opportunity to investigate the accusations, which were subsequently found to be based on hearsay. The claimant made no attempt to substantiate his complaints about the other workers, or to preserve his [twenty]-year work history. Therefore, the claimant left work voluntarily without good cause attributable to the work, and is disqualified for benefits . . . in accordance with N.J.S.A. 43:21-5(a).

The Board affirmed the Appeal Tribunal's decision.

On appeal, claimant contends he left his job due to a hostile work environment, and the Appeal Tribunal and Board failed to undertake thorough investigations.

We are mindful that our review of administrative agency decisions is limited. We will not disturb an agency's action unless it was clearly "arbitrary, capricious, or unreasonable." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).

N.J.S.A. 43:21-5(a) provides that an employee who "has left work voluntarily without good cause attributable to such work" is disqualified for unemployment compensation benefits. "Under this section, the threshold question is whether an applicant for unemployment compensation benefits left his job 'voluntarily.'" Lord v. Bd. of Review, 425 N.J. Super. 187, 190-91 (App. Div. 2012). An employee has left work "voluntarily" within the meaning of the statute "only if 'the decision whether to go or to stay lay at the time with the worker alone.'" Id. at 191 (quoting Campbell Soup Co. v. Bd. of Review, 13 N.J. 431, 435 (1953)). If the applicant leaves voluntarily "[he or she] is eligible for unemployment compensation benefits only if that separation was for 'good cause attributable to [the] work.'" Ibid. (quoting N.J.S.A. 43:21-5(a)); see also Utley v. Bd. of Review, 194 N.J. 534, 544 (2008).

Here, claimant did not present any evidence before the Appeal Tribunal that demonstrated continued incidents of physical or verbal abuse or harassment by his employer to satisfy good cause for voluntarily leaving the work. Mullarney v. Bd. of Review, 343 N.J. Super. 401 (App. Div. 2001) (explaining it was the claimant's burden to provide the requisite proof); see also Domenico v. Bd. of Review, 192 N.J. Super. 284, 288 (App. Div. 1983) ("[I]t is the employee's responsibility to do what is necessary and reasonable in order to remain employed.").

In the midst of a meeting with the director and other employees, claimant made a decision to leave the job. He advised that he could not "deal" with the accusations made by other employees because he had personal issues on his mind. In laying his keys on the desk and telling his employer he couldn't "handle it anymore," claimant voluntarily left the job. He did not return to the workplace or contact his employer until two weeks later when he inquired about unemployment benefits. Even then, claimant advised he did not intend to return to work. See Fennell v. Bd. of Review, 297 N.J. Super. 319, 322 (App. Div. 1997) ("Causes personal to the claimant and not attributable to the work come within the disqualification language of the statute.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3142-17T3